Appeal from an order of the Supreme Court at Special Term, entered June 12, 1950, in New York County, which granted a petition by respondent for an order fixing, the reasonable rent for business space pursuant to chapter 314 of the Laws of 1945, as amended.

Per Curiam.

While there is some confusion in the pleadings as to whether this proceeding to fix rent was prosecuted under subdivision 1 or subdivision 2 of section 4 of the Business Rent Law (L. 1945, eh. 314, § 4, as amd.), it was ultimately submitted under subdivision 1 and should be decided accordingly. The decision at Special Term, however, is more in line with the alternative method of subdivision 2, although no 15% limitation was placed upon the .rent increase as would be required if the proceeding were under the alternative method. Entertaining the matter under subdivision 1, the 15% limitation is not applicable, but the landlord may not obtain rent increases from the tenants involved in excess of an amount which will bring the overall return from the property up to a reasonable return under the statute (Matter of Hecht Broadway Corp., 298 N. Y. 769; Matter of Belmar Operating Corp., 297 N. Y. 609).
While there is also some question about the figures, we feel justified, on the basis of the record, in finding that the operating expenses, including taxes, total $17,061.97. Accepting the valuation found by Special Term and allowing an 8% return thereon, the total allowable return is $26,800, which added to the operating expenses would warrant total rent charges of $43,861.97.
We think the allocations made by Special Term as between apartment space, second floor space and ground floor space are proper. The court did not, however, make any differentiation between the location value of the store space occupied by Peek & Peck and the store space occupied by appellants. The corner space of Peck & Peek would appear to be more valuable and if this were a proceeding under subdivision 2 of section 4, or if Peek & Peck were not paying more than their share on a prorata square foot basis, thus benefiting appellants in the fixation of their rent under subdivision 1, account would have to be taken of the possible differences in value of the store space. We are satisfied, however, that any differences are reflected in the higher rent paid by Peek & Peck, and that taking the rent paid by Peck & Peek into consideration *976 in determining any deficiency that appellants might be called upon to contribute to gives the appellants all the protections and benefits of subdivision 1 of section 4.
After deducting from the amount of gross rentals which the landlord would be entitled to receive from the ground floor space, to produce an overall reasonable return, the amount of $17,498 received under the Peek & Peck lease in 1949, the total which the landlord would be entitled to receive from the remaining ground floor space would be $9,257. The remaining space on the ground floor is substantially similar. Bach of the respondents-appellants occupies approximately 35% of that space and a reasonable rent therefor under subdivision 1 of section 4 would be $3,240.
The order of Special Term should be modified on the.facts and on the law accordingly, and as so modified, affirmed, with costs to the appellants. Settle order.
Peek, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.
Order unanimously modified in accordance with the opinion herein and, as
so modified, affirmed, with costs to the appellants. Settle order on notice. [See post; p. 1037; 278 App. Div. 696.]